UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
PATRICK GONZALEZ,           :
                            :
            Plaintiff,      :           07 Civ. 2126 (LAP)
                            :
      -against-             :              ORDER
                            :
MARIA JONES et al.,         :
                            :
            Defendants.     :
------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff Patrick Gonzalez ("Plaintiff"), a pro se prisoner, brought this action under 42 U.S.C. § 1983 alleging that certain Defendants wrongfully injured him when they treated him for a hypoglycemic episode. On May 15, 2009, Defendants moved for summary judgment dismissing Plaintiff's Amended Complaint in its entirety. [See dkt. no. 39.] Plaintiff did not oppose Defendants' motion. On November 20, 2009, Magistrate Judge Theodore H. Katz issued a Report and Recommendation ("Report") recommending that this Court grant Defendants' motion. [See dkt. no. 46.] At Plaintiff's request, the Court granted two extensions of time for him to file objections to the Report. [See dkt. nos. 47, 48.] On February 8, 2010, Plaintiff submitted a letter (attached) (hereinafter "Pl.'s Objections") contending that certain documents attached as exhibits to the letter raise a genuine issue of material fact that preclude the grant of Defendants' motion (see id. at 2-3). For the reasons

set forth below, the Court adopts the Report and grants
Defendants' motion.

I.    Standard of Review

When reviewing a Report and Recommendation, a District
Court "may accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate judge."  28
U.S.C. § 636(b)(1)(C).  The District Court is required to "make
a de novo determination of those portions of the report or
specified proposed findings or recommendations to which
objection is made."  28 U.S.C. § 636(b)(1)(C); Grassia v.
Scully, 829 F.2d 16, 19 (2d Cir. 1989).  Congress used the
phrase "de novo determination" in Section 636(b)(1) "to permit
whatever reliance a district judge, in the exercise of sound
judicial discretion, chose to place on a magistrate's proposed
findings and recommendations."  United States v. Raddatz, 447
U.S. 667, 676 (1980).  A District Judge may, in his or her sound
discretion, afford a degree of deference to the Magistrate
Judge's Report and Recommendation.  See id.  When a party makes
general or conclusory objections, or simply repeats his or her
original arguments, the Court reviews the Report and
Recommendation only for clear error.  See Barratt v. Joie, No.
96 Civ. 0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002).

A.   Legal Standard for Summary Judgment

A party moving for summary judgment will prevail only "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the non[-]moving party.' A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law.'" Overton v. New York State Div. of Military and Naval Affairs, 373 F.3d 83, 89 (2d Cir. 2004) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In assessing whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to the non-moving party. Lucente v. IBM Corp., 310 F.3d 243, 253 (2d Cir. 2002).

B.   Application to the Report and Recommendation

Pursuant to this legal standard, the Court rejects Plaintiff's objections and adopts the Report. The text of Plaintiff's letter merely restates the allegations of the Amended Complaint. (See Pl.'s Objections 2-3.) Exhibit A to

3

that letter is a reproduction of certain parts of the Amended Complaint. (See id. Ex. A.)  As such, these documents do not carry Plaintiff's burden.  See Parks Real Estate Purchasing Group v. St. Paul Fire & Marine Ins. Co., 472 F.3d 33, 41 (2d Cir. 2006) ("[T]he party opposing summary judgment may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." (Citation and internal quotation marks omitted.)).

Exhibits B, C, and D to Plaintiff's letter consist of certain of Plaintiff's medical records. (See id. Exs. B-D.) These records show the following three facts.  First, Plaintiff underwent surgery and post-operative treatment to relieve carpal tunnel syndrome.  (See id. at 371-72, 380, 390-91; Exs. C-D.) Second, Plaintiff experienced painful swelling in his forearm beginning shortly after Defendants treated him for his hypoglycemic episode.  (See id. Ex. B at 371, 391; Exs. C-D.) Third, Plaintiff suffered from diabetes.  (See id. at 395.) These facts do not carry Plaintiff's burden because, taken together with the documents attached to the Amended Complaint, they still do not show that any Defendant caused Plaintiff's carpal tunnel syndrome.  To the contrary, Dr. Perilli's Declaration shows that Plaintiff's diabetes caused his carpal tunnel syndrome (see Perilli Decl. ¶ 19), and Plaintiff's

4

documents do not suggest otherwise.  To the extent Plaintiff's

alleged injury is not carpal tunnel syndrome but rather the

painful swelling in his arm, nothing in Exhibits B-D suggests

that any Defendant acted with a "sufficiently culpable state of

mind" when treating Plaintiff for his hypoglycemic episode.

Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006).  Indeed,

the only permissible inference from all the evidence is that

Defendants treated Plaintiff for his medical emergency with a

sincere concern for his well being.  (See Jones Decl. ¶¶ 9-21

(providing a detailed description of Defendants' course of

action in treating Plaintiff for his hypoglycemic episode).)  In

short, Exhibits B-D do not carry Plaintiff's burden because

Plaintiff still has no evidence tending to prove other elements

of his claim.

## II.   CONCLUSION

Having reviewed the Report and Recommendation and finding it thorough and well reasoned, and having reviewed Plaintiff's objections and finding them meritless, the Court adopts the Report and Recommendation to the extent consistent with this Order.   Defendant's motion for summary judgment [dkt. no. 39] is GRANTED, and Plaintiff's Amended Complaint [dkt. no. 20] is DISMISSED in its entirety.   The Clerk of Court shall mark this action CLOSED and all pending motions DENIED as moot.

SO ORDERED:

DATED:     New York, New York
           February  **//**  , 2010

_Loretta A. Preska_

LORETTA A. PRESKA, Chief U.S.D.J.

February 4, 2010

Patrick Gonzalez 82A4083
Shawangunk C.F.
P.O. Box 700
Wallkill, New York 12589

07 CN 2126

Hon. Loretta A. Preska, J., USDC
UNITED STATES DISTRICT COURT
SOUTHERN District Of New York
500 Pearl Street
New York, New York 10007

Dear Hon. Judge Preska,

I just wanted to mention that I have a number of witnesses
that can attest to various issues. Listed are soe of the names:

Dr. Halko - Sing-Sing C.F.
Dr. MaGill _ Orthopedist, Westchester Mt. Vernon Hospital
Correction Officer Crespo - Sing-Sing C.F.
Correction Officer Sosa - presently working at Bedford Hills C.F.

and others. I have some inmate witnesses also that were reviously
mentioned. Thank you for your acknowledgement of this. I'm not well
versed in these proceedings and I'm deendent on others to have
my work done so I ask that you please instruct the Clerk of the
Court if I need do anything further. I thank you wholeheartedly
for tolerating my inability to handle these issues without assistance.

Respectfully submitted,

Patrick Gonzalez

RECEIVED
FEB - 8 2010
LORETTA A. PRESKA
U.S. DISTRICT JUDGE
S. D. N. Y.

Mr. Patrick Gonzalez
PO Box 700 - 82A4083
200 Quick Road
Wallkill, New York 12589-0700

2nd February 2010

Hon. Loretta A. Preska, J., USDC
UNITED STATES DISTRICT COURT
Southern District of New York
United States Court House
500 Pearl Street
New York, New York 10007

Re:Patrick Gonzalez -vs- Maria Jones, et al
   Civil Action No.#07-CIV-2126(LAP/THK)(SDNY)
   In re:Report & Recommendation

Dear Judge Preska:

Please be advised, pursuant to the above-captioned, and fore-
going matters, upon receipt of this communication, it is asked,
respectfully, that same be accepted, filed and processed as an
Objection to the adversed Report and Recommendation.  Insodoing,
Your Honor's attention is respectfully directed as follows, post,
viz:

I-The Hypoglycomic Episode

II-The Complications and Follow-Up Treatment

III-The Post-Surgery Period

In Reply to the Reort and Recommendation, as well as the Defendants'
application for "Summary Judgment," Plaintiff respectfully relies
upon and submits the following Medical Rords to sustain his allegat-
ion as fully set forth in this Complaint [See Exhibit - "A" annexed

IV-Mount Vernon Hospital Medical Records [Exhibit - "B"]

P-370 (9/22/04)- Dr. McGill (Surgeon) description of surgery performed
Crapal Tunnel release, release of Tenolysis (Tendolysis) and Flex-
or Tendons.

P-371 - Preoperative Diagnosis and Operative indications and find
ings.

P-372 - Dr. MaGill's Description of Operation mentions all areas
where surgery was performed.

P-378 - Dr. MaGill's post-surgery notes, mentions fingers mobie in
left hand.

Hon. Loretta A. Preska, J., USDC
Re:Patrick Gonzalez -vs- Maria JOnes, et al
    Civil Action No.#07-CIV-2126(LAP/THK)(SDNY)
    In re:Report and Recommendation
2nd February 2010
Page-Two

P-380 - Dr. Kun-Young Chung M. D. Report of surgery performed by Dr.
MaGill (Gross examination, Microscopic examination and Disgnosis)

P-390 - Interdiscilinary pre-operative checklist:
        A). Attending Surgeon Verification
        B). Anesthesiologist Verfification
        C). Nurse Verfification

P-391 - Nursing Diagnosis - Alteration in Comfort:
        A). Outcome objective and goals
        B). Nursing actions and interventions
        C). Teaching

P-394 - Consult for treatment of condition submitted by Dr. Halko
from Sing Sing Correctional Facility and Dr. MaGill's Consult Re-
port diagnosis.

P-395 - Consult dated 6-18-04 Dr. Halko for EMG assessment of the
Plaintiff's condition and Dr. Weinstein's Consult Report of his med-
ical findings of his assessments.

P-396 - Dr. Halko's consult for surgery to be seen by Dr. MaGill
with Dr. MaGill's consult Report

P-397 - Medical History Report(Sing Sing Correctional Facility
Hospital (i. e., which states that Plaintiff f requently put in
for sick-call for analgesia)(the absence of normal sense of pain)

P-398 - Dr. Halko's Physical Examination Report

Progress Report [See Exhibit - "C" annexed hereto]

CompleteSummary of Plaintiff's Medical Condition(s) [See Exhibit -

"D" annexed hereto].

FUTHER BE ADVISED, based upon the Complaint, the Medical Records,
as well as the fact that Plaintiff's physical conditions as a direct
results of the Defendants, currently consists of exerience a ting-
ling and numbness if his left hand, fingers and arm. At times it will
lock up to the point that he cannot lift anything.  At times he will
lose his sense of feeling in that hand to the extent that he is out-
right fearful of dropping things when he take them in that hand. It
do not allow or permit him to  perform certain physical tasks/jobs
because his hand will lock on him. He can not type or work with that

Hon. Loretta A. Preska, J., USDC
Re:Patrick Gonzalez -vs- Maria Jones, et al
 Civil Action No.#07-CIV-2126(LAP/THK)(SDNY)
2nd February 2010
Page-Three

hand at all.  After the surgery was performed, the excruciating
pain was finally reduced considerably.  Its the tingling in  the
hand and fingers that is yet on-going.  Sometimes when his hand
locks up, he feel as though the Carpsl Tunnel Syndrone is repeat-
ing it self.  And, that is very mentally stressful  feeling that
ensures.

BE ADVISED FURTHER that based upon the "documentary" evidence" as
offered, and presented in this case, not one (1) Defendant has dis-
proved the medical records, of which, sustained each  and every al-
legation of the Complaint.  Moreover, the "documentary  evidence"
alone has defeated the Defendants' motion for Summary Judgment. In
order for this Court to grant the Defendants Summary Judgment, the
following four (4) elements must be sustained, viz:

1). Whether the moving party has clearly and convincingly establish-
ed the absence of material facts;

2). If so, whether nonmoving party presented sufficient facts to
establish [all] elements of the asserted claim or defense;

3). If 'factual' support is presented by the nonmoving party, whe-
ther those facts are sufficiently plausible to support a jury ver-
dict or judgment under the applicable law; and

4).  Whether there are 'any' genuine factual issues with respect
to those material facts under governing law.

It is submitted and undisputed that Plaintiff's allegations as fully
set forth in the Complaint, and the Medical Records submitted here-
with, clearly sustained that Plaintiff's medical and physical con-
ditions are a direct result of the Defendants Deliberate Indifference
to him, as well as his medical needs.  Therefore, Summary Judgment
in this case must be denied, and this Case proceed to trial forth-
with.

WHEREFORE, based upon all of the above and foregoings, the Defendant's
motion for summary judgment should be denied in all respects and for
such other and further relief as shall be deemed just, proper and
equitable under the Rules and Statute made and provided in such case.

Sworn And Subscribed Before Me,

This  9  Day Of  February    2010.

_____          _____
      Notary Public Of New York              s/Patrick Gonzalez-Affiant

My Commission Expires_____

MICHAEL D. PEARSON
Notary Public in the State of New York
Qualified in Orange County #01PE6211056
My Commission Expires on Sept 8, 20 13

Hon. Loretta A. Preska, J., USDC
Re:Patrick Gonzalez -vs- Maria Jones, et al
   Civil Action No.#07-CIV-2126(LAP/THK)(SDNY)
   In re:Report & Recommendation
2nd February 2010
Page-Four

### CERTIFICATE OF SERVICE

I hereby certify and on this    day of February 2010, I served a
acopy of the above and foregoings, together, with Exhibits - "A"
through "D," by serving a copy thereof, upon all party(s), by mail-
ing, postage pre-paid, upon the following Counsel of Record, post,
viz:

                    Andrew M. Cuomo, Esquire
                    NEW YORK STATE ATTORNEY GENERAL
                    Attn:Inna Reznik, AAG
                    Department of Law
                    120 Broadway - 24th Floor
                    New York, New York 10271

Sworn And Subscribed Before Me,

This  5  Day Of  February    2010.

_____
    Notary Public Of New York           s/Patrick Gonzalez-Affiant

My Commission Expires_____

**MICHAEL D. PEARSON**
Notary Public in the State of New York
Qualified in Orange County #01PE6211056
My Commission Expires on Sept 8, 20 13

# EXHIBITS

# EXHIBIT "A"

D.   Facts: On 2-20-04, at approximately 5:00 p.m., I was taken to the Sing-
Sing C.F. Emergency Room by 4 inmates and Officer Crespo to be treated for a
diabetic hypoglycemic (low sugar) reaction. Iwas treated by Nurse Jones, M.,
Registered Nurse. I was unconscious, therefore I should have received a glu-
cagon shot, which was available in the E.R. locker for this type of situation.
However, Nurse Jones opted to insert an I.V. in my arm. She stabbed me in both
arms repeatedly, unable to insert the I.V. needle appropriately. I bled all
over the gurney due to her failed attempts. Nurse Administrator Hansen came to
Jones' aid, and between the two the I.V. was inserted improperly and tape my
arm to the side of the gurney, securing it. I was left unattended by both
for a long period of time. I woke in excruciatring pain in my arm/hand, espe-
cially at needle insertion area (left backhand). My hand/arm were extremely
swollen (edema). I asked Officer Crespo to call the nurse as I couldn't tole-
rate the pain. When Jones appeared I complained of the pain/swelling. I de-
manded to be seen by aspecialist in th outside hospital to alleviate the pain
and eliminate the swelling. I was taken to Phelps Memorial Hospital, waited about an hour,
a nd was seen by R.C. Nowak, M.D. He took a cursory glance, and despite my requests to be seen by
a Specialist, he sent me back to the Sing-Sing Facility Hospital with instructions to keep me over-
night to observe for Necrosis (nerve/tissue/cell damage or death), instead of referring me to be seen
by a Specialist (Orthopedist), to ascertain and treat me accordingly, being that I'm a diabetic. I
contracted Carpal Tunnel Syndrome that required surgery. I have nerve damage and atrophy. Two in-
mates and Officer Crespo witnessed what occurred at the Sing-Sing C.F. Hospital and two Officers,
Sosa, (and John Doe) witnessed what transpired at Phelps Memorial Hospital, which, as all of

III.   Injuries:                          the aforementioned, constitute deliberate indifference.

If you sustained injuries related to the events alleged above, describe them and state what medical
treatment, if any, you required and received. Due to theextreme loss of strength in
my arm and the constant pain and tingling feeling in my hand/forearm,
which was later diagnosed as Carpal Tunnel Syndrome, I was operated
on for release. Presently I still suffer from the constant pain and
tingling feeling with loss of strength and atrophy with nerve and
irreparable muscle damage. The lack of post surgery Physical Therapy
I was subjected to and then completely negated, attributed to my
present condition. My arm stiffens up completely at times.

IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), requires that "[n]o action shall be
brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a
prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are
available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

   Yes  X  No ____

Side margin boxes:
What happened to you?
Who did what?
Was anyone else involved?
Who else saw what happened?

3

### "CONTINUATION OF FACTS" (from page 3)

The HMO's role was vital to Plaintiff's getting treated as warranted. The HMO was denying requests made for treatments that he/she biasedly deemed unworthy of any treatment.(i.e. to be seen by a Specialist (Orthopedist) for assessment ofr surgery, ditto an EMG/NCS technician. Post-surgery Physical Therapy was wrongfully delayed due to the unjustified HMO denials, furthermore of check-ups by the Orthopedist S....
pedist/surgeon for any other treatment necessary.

3a

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). <u>Sing-Sing Correctional Facility.</u>

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes <u>x</u>    No ____    Do Not Know ____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)? <u>Most, minus the HMO as in this case</u> and
<u>possibly others.</u>
Yes ____    No ____    Do Not Know <u>of all.</u>
If YES, which claim(s)? _____

D.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose <u>not</u> cover some of your claim(s)?

Yes <u>x</u>    No ____    Do Not Know ____
If YES, which claim(s)? _____

E.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?
Yes <u>x</u>    No ____
If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?
Yes ____    No ____

F.    If you did file a grievance, about the events described in this complaint, where did you file the grievance? <u>Sing-Sing C.F.</u>

1.    Which claim(s) in this complaint did you grieve? <u>Nurse Jones' injuring me</u>
<u>(deliberate indifference), Denials (a) medical treatment for injury,</u>
<u>b) HMO treatment denials, c) delays and/or no Physiacal Therapy provided</u>
2.    What was the result, if any? <u>Denied all with the exception of one</u> being
<u>granted in part regarding no retaliation behalf of the medical dept. or</u>
<u>by Corrections Officers or staff for filing my grievance against Jones.</u>
3.    What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. <u>In all the grievances I appealed</u> to
the <u>Superintendent, Brian Fischer, then appealed all his denials</u> to
the <u>Inmate Grievance Program Central Office Review Committeee,</u> hence,
<u>exhausting all available remedies afforded to me by the N.Y.S.</u> Depart-
ment <u>Of Correctional Services.</u>

G.    If you did not file a grievance, did you inform any officials of your claim(s)?

4

# EXHIBIT "B"

## THE MOUNT VERNON HOSPITAL
### Mt. Vernon, New York 10550

GONZALEZ, PATRICK                    #000291236

DATE OF OPERATION:            SEPTEMBER 22, 2004

SURGEON:                      RICHARD M. MAGILL, M.D.

ASSISTANT:                    MAZDA ALAIE, S.A.

PREOPERATIVE DIAGNOSIS:       LEFT CARPAL TUNNEL SYNDROME AND
                              ADHESIONS OF THE INDEX AND LONG FINGER
                              FLEXOR TENDONS

POSTOPERATIVE DIAGNOSIS:      SAME

OPERATIVE PROCEDURE:          LEFT CARPAL TUNNEL RELEASE.
                              EXPLORATION AND TENOLYSIS OF THE
                              FLEXOR TENDONS IN THE FOREARM.
                              PROXIMAL MUSCULOTENDINOUS LENGTHENING
                              OF THE INDEX AND LONG SUPERFICIALIS
                              TENDONS

ANESTHESIA:                   GENERAL ENDOTRACHEAL

ESTIMATED BLOOD LOSS:         MINIMAL

REPLACEMENT:                  CRYSTALLOID

COMPLICATIONS:                NONE

CONDITION:                    STABLE

TOURNIQUET TIME:              APPROXIMATELY 60 MINUTES


OPERATIVE INDICATIONS AND FINDINGS:

Fifty-one year old male diabetic presents with left carpal tunnel syndrome and in addition has
evidence of adhesions of the index and long finger flexor tendons. He had a history of an IV
infiltration and significant swelling of the proximal forearm and he reports that his symptoms
started soon after this. His EMG's are positive. He has thenar atrophy. He is indicated for
carpal tunnel release and a tenolysis of his flexor tendons with exploration of the tendons for the
point of adhesion.

371

**THE MOUNT VERNON HOSPITAL**                              2
**Mt. Vernon, New York 10550**

GONZALEZ, PATRICK          #000291236

DESCRIPTION OF OPERATION:

The patient was brought to the Operating Room where general endotracheal anesthesia was administered. The left upper extremity was prepped with Betadine solution and draped in the usual sterile fashion. An extended carpal tunnel incision is made into the left wrist. Using sharp and blunt dissection the incision is carried down to the flexor retinaculum which is released from distal to proximal after placing a hemostat into the carpal canal and transecting the flexor retinaculum on its ulnar border. The incision extended proximally and the nerves and tendons are identified proximally. There is no evidence of adhesions in the tendons in the carpal canal or in the distal forearm. The incision was extended proximally towards the elbow in 2 inch increments and each of the tendons of the fingers are traced proximally. The incision is carried up to the proximal muscle tendon junction of the tendons and this is where adhesions and scarring are found and as noted with attempted passive extension of the long and ring fingers that these areas are tight. The tendons are lengthened at the musculotendinous junction making step-cuts in each of the tendons to allow the finger to be fully extended with the wrist extended. The wounds are irrigated. The skin is closed with 4-0 nylon suture. A bulky soft dressing is applied with a splint. The patient was awakened and taken to the Recovery Room in stable condition having tolerated the procedure well.

RICHARD M. MAGILL, M.D.

RMM/bg
T  10/08/04

Fri Sep 24, 2004 09:59 am                    Copy COPY
                    Surgical Pathology Report
                                                                    1
  Patient:              GONZALEZ, PATRICK            Age: 51Y    Sex: M
  Unit#/Acct#:          V000291236/V10088565         Case#:      S04-2236
  Location:             ASM                          Accn#:      5020248
  Att Phys-Serv:        MAGILL, RICHARD - V-AMBULATORY SURGCompleted:09/24/04 0959
  Ordering Phys:        MAGILL, RICHARD              Received:   09/23/04 0907
  Order Dx:             LT CARPAL TUNNEL RELEASE W/TEN  Collected: 09/22/04 0000
********************** SURG PATH, GROSS & MICRO LEV IV **********************
  Specimen(s):

  Specimen Type:

  Muscle tendon junction, left hand.

  CLINICAL INFORMATION:

  Carpal tunnel syndrome, left middle finger.

  GROSS EXAMINATION:

  In formalin and labeled as muscle and tendon of left hand, the specimen
  consists of three irregular fragments of gray-white to tan, rubbery,
  fibromuscular tissue, the largest measures 1.5 x 1 x 0.7 cm in
  dimension.  Submitted entirely.


  MICROSCOPIC EXAMINATION:

  The slide is reviewed.

  DIAGNOSIS:

  Fibromatosis,
  Tendon, left middle finger, excision of.


  2B

                        By: Kun-Young Chung, M.D.

                 Signature on file: Kun-Young Chung, M.D.

                    End of Report - 09/24/04 10:00am




  Surgical Pathology Report                        GONZALEZ, PATRICK
  Final                                            V000291236/V10088565
                            LABORATORY (V)



                        **The Mount Vernon Hospital**

                        12 North Seventh Avenue          *Department of Pathology and Laboratories*
                        Mount Vernon, New York 10550     *Kun-Young Chung M.D., Director*


                                    380

# THE MOUNT VERNON HOSPITAL
## INTERDISCIPLINARY PRE-OPERATIVE CHECKLIST
This form must be completed and signed by the
Attending Surgeon. All elements must be completed
and answered in the affirmative BEFORE the patient
can be moved into the operating room. The Attending
Anesthesiologist will sign when all elements have
been completed by Attending Surgeon.

```
000291236
GONZALEZ,PATR
DIN 82A4083
M   51Y   DOB 01/26/1953
MAGILL,RICHARD
MEG 09/22/04   10088865
```

| ATTENDING SURGEON VERIFICATION | Attending Initial |
|---|---|
| [1] I have reviewed the History and Physical Examination dated ___9/u___ and there has been no significant change in the patient's condition since the date of examination. | ✓ |
| [2] Indications for Proposed Surgery have been reviewed by me. | ✓ |
| [3] I have verified the Consent Form in the hospital Medical Record and countersigned the Consent Form. | ✓ |
| [4] Patient/Family/Significant Other/Guardian verification. | ✓ |
| [5] I have verified and marked the Surgical Site with the patient (when indicated): | |
| [6] Right [ ] Left [✓] Surgical Site is marked. | |

ATTENDING SURGEON'S SIGNATURE: _____ DATE 9/22/04

### ANESTHESIOLOGIST VERIFICATION
The operative site/side (or the level for spine surgery) has been verified by a review of the Following:
[ ] Proposed procedure as planned by Surgeon.   *Corpal tunnel Release*
[ ] Review of the Medical Record and Informed Consent.
[ ] Right [✓] Left [ ] Surgical Site is marked.

ANESTHESIOLOGIST'S SIGNATURE: _____ DATE: 9/22/04

### NURSE VERIFICATION
The operative site/side (or level for spine surgery) has been verified by a review of the Following:
[ ] Operative Schedule. *Release left Carpal Tunnel & Tendlysis*
[ ] Proposed procedure as planned by Surgeon: _____
[ ] Review of the Medical Record and Informed Consent.
[ ] Patient/Family/Significant Other/Guardian verification.
[ ] Right [ ] Left [ ] Surgical Site is marked.

CIRCULATING NURSE'S SIGNATURE: _____ DATE: 9/22/04

TIME OUT: The Surgeon, Anesthesiologist and the Circulating Nurse verified the correct patient, surgical site/side and procedure. Verification was completed in the OR, prior to the surgery/procedure commencing.

CIRCULATING NURSE'S SIGNATURE: _____ DATE: 9/22/04

revised 08/17/04

390

000291236
GONZALEZ, PATRICK
DIN 82A4083
M  51Y   DOB 01/26/1953
MAGILL, RICHARD
REC 09/22/04  10088565

THE MOUNT VERNON HOSPITAL
MOUNT VERNON, N.Y.

**NURSING DIAGNOSIS:   ALTERATION IN COMFORT RE:** _____

A. **OUTCOME OBJECTIVES AND GOALS:**
   1. Patient's comfort level will improve as evidenced by decreases or absent discomfort, either verbalized or non-verbalized (decreased grimacing, crying, etc).
   2.
   3.
   4.
   5.
   6.

B. **NURSING ACTIONS AND INTERVENTIONS**
   1. Assess for pain and medicate as indicated.
   2. Promote comfort: imagery, quiet environment, _____,
      _____, _____.
   3.
   4. Reassess for pain when vital signs are taken, and more frequently
   5. as needed.
   6.
   7.
   8.
   9.

C. **TEACHING**
   1. Teach patient means of achieving comfort.
   2. Initiate health referral prn.
   3.
   4.
   5.

DATE   STARTED: _____ SIGNATURE _____
DATE   STOPPED: _____ SIGNATURE _____

80

3194 (01/00)

## NYSDOCS REQUEST & REPORT OF CONSULTATION

**ATTENTION: DO NOT TELL INMATE OF FUTURE APPOINTMENTS**

Name GONZALES PATRICK

Facility SSCF

DIN 82A vol DOB 1-26-5 Date 07-30-04

| Coordinated Care in | |
|---|---|
| Referral # 0415 | |
| CCP decision?   Yes _____   No ___ | |
| Consultation Type Initial _____ | |

Consult Requested By: Mitalko To: HAND SURG

TOS/POS* ADM.

Reason for consultation (include lab findings, x-ray results, current needs and treatments.)

Follow up ____ Procedure ____ Telemed ____

TOS Code _____   POS Code _____

Date: _____   Time: _____

Previous consult attached 7-29-04

This 51y. old with carpal tunnel syndrome with ligament adhesions recomended by Dr Magill surgical release of carpal tunnel and Tenolysis of hand. 1-2 month

**Urgency of Care:** Emergency _____   Urgent _____   Soon _____   Routine _____   Assigned
  24 HOURS   5 DAYS   14 DAYS   30 DAYS   MORE THAN 30 DAYS

**Transportation:** Wheelchair ____   Litter ____   HCA ____   Nurse ____   Ambulance ____

**CONSULTANT REPORT**   If this is a telemedicine encounter, has the inmate read the instructional sheet or been instructed on the telemedicine encounter?   Yes ☐   No ☐

**S:**

**O:** ① Carpal Tunnel Release.
Tenolysis of Flexor tendons.

Keep splint and dressing intact
Rom of digits encouraged active/active
assisted position

**A:** Oral pain Meds q 4-6h prn x 1wk

No Cast @ wrist

F/U to ~~soft~~ DOC's clinic

**P:**   9/30/04

CONSULTANT SIGNATURE (Please Print) _____   DATE: 9/22/04

FACILITY MD REVIEWER/DATE

IF FOLLOW-UP RECOMMENDED, REQUESTED BY:   9 30 04

Consultation is a recommendation. Final determination will be made by the inmate's NYSDOCS physician

*TOS/POS - Write type of service / Place of service here

**DISTRIBUTION:**   WHITE - INMATE HEALTH RECORD   CANARY - CONSULTANT   PINK - VENDOR CLINIC RECORD   GOLDENROD - PENDING CONSULT COPY

**ATTENTION: DO NOT TELL INMATE OF FUTURE APPOINTMENTS**

**NYSDOCS REQUEST & REPORT OF CONSULTATION**

| ATTENTION: DO NOT TELL INMATE OF FUTURE APPOINTMENTS | Name GONZALES PATRICK |
|---|---|

Facility SSCF

DIN 12A4083 DOB 1-26-53 Date 06-18-0

Consult Requested By: S Hallco To: HAND CLINIC

TOS/POS: Dr Magill

Reason for consultation (include lab findings, x-ray results, current needs and treatments.)

This 51 y old male with DM I x 21 years, diabetes is brittle. Recent development of paresthesia and numbness of hand prompted NCS/EMG L.U.E. which proven abnormal, suggestive of carpal tunnel sy superimposed on diabetic neuropathy. NCS/EMG reports attached.

**Coordinated Care Information**

Referral # 04158836-01

CCP decision? Yes _____ No _____

Consultation Type Initial _____

Follow up _____ Procedure _____ Telemed _____

TOS Code _____ POS Code _____

Date: _____ Time: _____

**Urgency of Care:** Emergency _____ Urgent _____ Soon _____ Routine ✓ Assigned _____
24 HOURS — 5 DAYS — 14 DAYS — 30 DAYS — MORE THAN 30 DAYS

**Transportation:** Wheelchair _____ Litter _____ HCA _____ Nurse _____ Ambulance _____

**CONSULTANT REPORT**  If this is a telemedicine encounter, has the inmate read the instructional sheet or been instructed on the telemedicine encounter?   Yes ☐   No ☐

S: ① hand numbness / weakness
constant pain wakes @ night
"has to shake out hand" IV infiltration c extension of forearm

O: RG: ① hand Thenar atrophy

A: Atrophy of 1st Dorsal interosseous
has contractures of long & ring DIP joints
c wrist contracture

P: Img! ① carpal tunnel syndrome
c Rings + long FDS atheroma

CONSULTANT SIGNATURE (Please Print) _____   DATE: 7/29/0

FACILITY MD REVIEWER/DATE

M K 7-30-0

IF FOLLOW-UP RECOMMENDED, REQUESTED BY: Schedule 130-60 day

Consultation is a recommendation. Final determination will be made by the inmate's NYSDOCS physician

*TOS/POS - Write type of service / Place of service here

**DISTRIBUTION:  WHITE** - INMATE HEALTH RECORD   **CANARY** - CONSULTANT
**PINK** - VENDOR CLINIC RECORD   **GOLDENROD** - PENDING CONSULT COPY

**ATTENTION: DO NOT TELL INMATE OF FUTURE APPOINTMENTS**

[19: 0-1 )0]

## NYSDOCS REQUEST & REPORT OF CONSULTATION

**ATTENTION:**
**DO NOT TELL**
**INMATE OF**
**FUTURE**
**APPOINTMENTS**

Name _GONZALES PATRICK_

Facility _SSCF_

DIN _824 408_ DOB _1-26-63_ Date _07-30-04_

Consult Requested By: ~~_____~~ To: _HAND SURG_
_Remelius_
TOS/POS* _ADM._

Reason for consultation (include lab findings, x-ray results, current needs and treatments.)

**Coordinated Care Informa~~tion~~**

Referral # _04158836 02_

CCP decision?   Yes _____ No _____

Consultation Type Initial _____

Follow up _____ Procedure _____ Telemed _____

TOS Code _____ POS Code _____

Date: _____ Time: _____

Previous consult attached 7-29-04

This 51 y. old with carpal tunnel syndrome with ligament adhesions recomended by Dr Magill surgical release of carpal tunnel and Tenolysis (L) hand. (1-2 month)

**Urgency of Care:** Emergency _____ Urgent _____ Soon _____ Routine _____ Assigned _____
24 HOURS    5 DAYS    14 DAYS    30 DAYS    MORE THAN 30 DAYS

**Transportation:** Wheelchair _____ Litter _____ HCA _____ Nurse _____ Ambulance _____

**CONSULTANT REPORT**   If this is a telemedicine encounter, has the inmate read the instructional sheet or been instructed on the telemedicine encounter?   Yes ☐   No ☐

**S:**

**O:**

① Carpal Tunnel Release &
Tenolysis of flexor tendon.

Keep splint and dressing intact
Rom of digits encouraged active/active
passive/active

**A:**

Oral Pain meds q 4-6hr prn x 2wk

No cast [illegible]

**P:**

R/U to [illegible] DOC's clinic
9/30/04

**CONSULTANT**
**SIGNATURE**
**(Please Print)** _____ DATE _9/22/04_

FACILITY MD REVIEWER/DATE

IF FOLLOW-UP
RECOMMENDED,
REQUESTED BY: _____ 9 30 04

Consultation is a recommendation. Final determination will be made by the inmate's NYSDOCS physician

*TOS/POS - Write type of service / Place of service here
**DISTRIBUTION:   WHITE - INMATE HEALTH RECORD   CANARY - CONSULTANT**
**PINK - VENDOR CLINIC RECORD   GOLDENROD - PENDING CONSULT COPY**

**ATTENTION:**
**DO NOT TELL INMATE OF**
**FUTURE APPOINTMENTS**

STATE OF NEW YORK–DEPARTMENT OF CORRECTIONAL SERVICES

## MEDICAL HISTORY

| ADMISSION | ☐ PAROLE VIOL. | ☐ |
|---|---|---|
| PRE–PAROLE ☐ | OTHER (Specify) | ☐ |

| INMATE NO. | NAME | | SHORT NAME | FACILITY NO. |
|---|---|---|---|---|
| 82 A 4083 | GONZALEZ PATRICK | | | |

| BIRTH DATE | BIRTH PLACE | SEX | RACE: BLACK ☐ HISPANIC ☒ | RELIGION |
|---|---|---|---|---|
| 1-26-53 | NYC | MALE ☒ / FEMALE ☐ | WHITE ☐ OTHER ☐ | |

### FAMILY HISTORY

| FAMILY HISTORY | | AGE(S) | HEALTH STATUS – CAUSE OF DEATH SIGNIFICANT HEREDITARY DISEASES |
|---|---|---|---|
| FATHER **Pio** | ALIVE ☐ DEAD ☒ | 94 | old age |
| MOTHER **VICTORIA** | ALIVE ☐ DEAD ☒ | 65 | Heart condition |
| SIBLINGS 9 TOTAL NO. | NO. LIVING 8 NO. DEAD 1 | | Diabetes |

### PAST HISTORY

ILLNESSES, INJURIES, SURGERY, HOSPITALIZATIONS, MENTAL ILLNESS – DATES & DETAILS BELOW:

| | YES | NO | DATE | | YES | NO | DATE |
|---|---|---|---|---|---|---|---|
| EPILEPSY | ☐ | ☑ | | GONORRHEA | | ☑ | |
| DIABETES | ☑ | ☐ | | SYPHILLIS | | ☑ | |
| HYPERTENSION | ☐ | ☑ | | MEASLES | | ☑ | |
| TUBERCULOSIS | ☐ | ☑ | | MUMPS | | ☑ | |
| HEPATITUS | ☐ | ☑ | | CHICKENPOX | | ☑ | |
| MENTAL | ☐ | ☑ | | OTHER (LIST) | | ☑ | |
| ASTHMA | ☐ | ☑ | | | | | |

| IMMUNIZATIONS | | | | ALLERGIES | | | DRUGS AND NARCOTICS PRIOR TO ADMISSION | | | | DATE STOPPED | AMOUNT PER DAY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | YES | NO | DATE | | YES | NO | | YES | NO | NEVER | | |
| POLIO | ☐ | ☐ | | PENICILLIN | ☑ | ☐ | TOBACCO | ☐ | ☐ | ☑ | | |
| TETANUS | ☐ | ☐ | | OTHER (LIST) | ☐ | ☑ | ALCOHOL | ☐ | ☐ | ☑ | | |
| DIPHTHERIA | ☐ | ☐ | | | | | NARCOTICS (LIST) ☐ | ☐ | ☐ | ☑ | | |
| SMALLPOX | ☐ | ☐ | | | | | | | | | | |
| OTHER (LIST) | ☐ | | | | | | | | | | | |

| SERVICE IN ARMED FORCES | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| MILITARY SERVICE MEDICAL DEFERMENT | ☐ | ☑ | MEDICAL DISCHARGE OTHER (SPECIFY) | ☐ | ☐ |

### PRESENT SYMPTOMS

Parestheria, numbness L. forearm to hand.
Sick call frequently needed analgesia.

### CURRENT MEDICATIONS OR TREATMENTS

LIST DRUGS AND DOSAGES

Cozaar 50 mg POOD
NAPRO SYN TWO MG BID · Lipitor 10mg QD DAy
NPH 18 units AM SC, 10 units at PM and can i Reg Insulin for

| PREVIOUS HEALTH RECORDS (NAME, ADDRESS) | NEAREST RELATIVE (RELATIONSHIP, NAME, ADDRESS) |
|---|---|
| | Milad cof. |

SIGNATURE _____     DATE  09-17-05

FORM 3101 (7.75)

White — Inmate Health File
Yellow — Health Services–Central Office
Pink — Classification/Facility File

397

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

**PHYSICAL EXAMINATION**

| ADMISSION ☐ | PAROLE VIOL |
| PRE-PAROLE ☐ | OTHER (Specify) |

SHORT NAME / FAC. NO.

| INMATE NO. | NAME (Last, First) |
| 82A4083 | GONZALEZ PATRICK |

| PULSE | TEMP. | WT. | HT. | B.P. | RESP. | DATE PER. PHYS. DUE |
| 64 | 98⁶ | 165 | 5⁷ | 100/60 | 18 | |

| VISION | UNCORRECTED | CORRECTED | HEARING | | |
| RIGHT | 20/20 | / | RIGHT | NORMAL ☑ | ABNORMAL ☐ |
| LEFT | 20/20 | / | LEFT | NORMAL ☑ | ABNORMAL ☐ |
| COLOR TEST | NORMAL ☑ ABNORMAL ☐ ISHIARA ☐ OTHER ☐ | HEARING AID | YES ☐ | NO ☐ |

NORMAL ☑   ABNORMAL ☒   (Leave blank if not examined)   LABORATORY TEST (Check if ordered)

1. SKIN ☒
2. GAIT ☑
3. SPEECH ☑
4. SCALP ☑
   YES/PUPILS ☑
6. FUNDI ☑
7. NOSE ☑
8. EARS ☑

9. THROAT ☒
10. ORAL CAVITY ☑
11. NECK ☑
12. CHEST ☑
13. BREAST ☑
14. LUNGS ☑
15. HEART ☑
16. ABDOMEN ☑

17. GENITALIA ☐
18. SPINE ☑
19. DIGITAL RECTAL EXAM ☐
20. PELVIC ☐
21. NEUROLOGICAL ☒
22. EXTREMITIES ☒
23. LYMPH NODES ☑
24. MUSCULO-SKELETAL ☑

25. URINALYSIS ☐
26. CBC AND DIFFERENTIAL ☐
27. CHEM. PROF. W/LIPO. ☐
28. RPR ☐
29. CHEST X-RAY ☐
30. EKG if over 40 ☐
31. MANTOUX ☐
32. FEMALES - PAP SMEAR if over 20 ☐

DOES THIS INMATE REQUIRE INTERPRETER SERVICES (SIGN LANGUAGE)? ☑NO ☐YES
DOES INMATE NEED LANGUAGE INTERPRETATION? ☑NO ☐YES, LANGUAGE SPOKEN ___
DOES THIS INMATE REQUIRE REASONABLE ACCOMMODATIONS? ☐NO ☑YES, DESCRIBE ___

**ABNORMAL FINDINGS** (Refer to Number)
Chest skin tattoo. Left upper anterior. Decreased muscular strength L. hand.

**BEHAVIORAL ASSESSMENT**
Excellent

**WORK CLASSIFICATION / MESS HALL CLEARANCE**
NO LIMITATION ☐   LIMITATION ☒ (DESCRIBE)
as of now

MEDICAL CLASSIFICATION - Update q 6 months

| REC. DATE | 1☐ 2☐ 3☐ |
| DATE ___ | 1☐ 2☐ 3☐ |
| DATE ___ | 1☐ 2☐ 3☐ |
| DATE ___ | 1☐ 2☐ 3☐ |
| *DATE ___ | 1☐ 2☐ 3☐ |

SIGNATURE & PROVIDER NO. ___
RN SIGNATURE & PROVIDER NUMBER   M Failho MD

DATE: 09-17-04

WHITE - INMATE HEALTH RECORD   YELLOW - DENTAL RECORD

3101B (04/98)

398

# EXHIBIT "C"

**PROGRESS RECORD**

Name: _____ RICHARD _____ Rm. No. _____ Hosp. No. _____ Doctor _____

| DATE | |
|---|---|
| 9/22/07 | Pre-op |

Pre-dx: carpel tunel + Adhesiv, Flexur tnd.

Post JT: same.

Surgeon: Dr. Affri.

Assistent: Dr. ____

Procedure: (release the carpel tunel + release of tenolysis, Flexur tendon.)

Anesthesia: Generel   Dr. Phillip.

EBl: Minimol

Tourniqet: Time:

Pt tolerated well + Return to Recovy Room in satisfactory condition

Neuro vasc, distl, pare, pre + post-op.

# EXHIBIT "D"



DEPARTMENT OF ORTHOPAEDIC SURGERY
**NEW YORK MEDICAL COLLEGE**
19 BRADHURST AVENUE, SUITE 1300N
HAWTHORNE, NEW YORK 10532

*82A40083*

RICHARD M. MAGILL, M.D.
914-789-2733
914-789-2743 FAX

HAND & UPPER EXTREMITY SURGERY
MICROVASCULAR SURGERY

August 12, 2004

Dr. Halkow
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

Re: PATRICK GONZALEZ

Dear Dr. Halko:

Mr. Patrick Gonzalez was seen in the Clinic on 7/29/04. He is a 51 year old male with a history of diabetes, recent development of paresthesias and numbness of the left hand with positive NCS and EMG's suggestive of carpal tunnel with supraimposed diabetic neuropathy. In his complaint he reports numbness, weakness, constant pain which wakes him at night and he has to shake the hand out. He has a history of an IV infiltration causing a significant edema of the forearm. He relates the symptoms after this injury.

On exam he is noted to have thenar atrophy, atrophy also of the first dorsal interosseous. He also is noted to have contracture of his long and ring finger IP joints with wrist extension suggestive of adhesions of the long and ring finger superficialis tendons. Based on his positive EMG and nerve conduction velocity studies, his history especially of numbness, weakness, waking at night and having to shake the hand out which is very characteristic of carpal tunnel syndrome and the physical evidence of thenar atrophy and the tendon adhesions I have recommended a carpal tunnel release with tenolysis of the flexor tendons. The tendon contractors may also indicate that the patient had a mild form of compartment syndrome at the time of his IV infiltration. It is unlikely conservative treatment will correct the adhesion that have developed in his tendons and the approach to the tendons would involve a standard carpal tunnel release as well as an incision above the wrist to completely address the adhesions that he has developed after this IV infiltration.

If you have any questions feel free to contact me.

Sincerely,

Richard M. Magill, M.D.

RMM/lp
T 08/13/04